IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:23-cr-92 |
| | ) | |
| KULBIR KAUR, | ) | |
| also known as "LOVELY," | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HARMANPREET SINGH, | ) | |
| | ) | |
| *Defendants*. | ) | |

**GOVERNMENT'S REPLY TO DEFENDANTS' RESPONSES REGARDING THE GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AS RES GESTAE OR, ALTERNATIVELY, PURSUANT TO FED. R. EVID. 404(B)**

The United States of America, by undersigned counsel, respectfully files this reply to address certain points raised in the responses of defendant Kulbir Kaur (ECF No. 77) and defendant Harmanpreet Singh (ECF No. 75) concerning the government's motion *in limine* to admit certain evidence as *res gestae*, or, alternatively, under Fed. R. Evid. 404(b) (ECF No. 49). The evidence at issue consists broadly of: (1) records related to B.S.'s employment at the Lovely Market; (2) a video of defendant Singh firing a distinctive silver firearm with a black handle; (3) defendant Kaur's submittals to the Chesterfield County Department of Social Services; and (4) records and testimony pertaining to defendant Kaur seeking an extension of B.S.'s tourist visa.

Reply to Defendant Kulbir Kaur's Pleading (ECF No. 77)

Defendant Kaur appears to concede that the records pertaining to B.S.'s employment at the Lovely Market and the records and testimony pertaining to defendant Kaur seeking an extension of B.S.'s tourist visa are intrinsic to at least the forced labor charges. ECF No. 77 at 2, 5. Defendant

Kaur further appears to concede that evidence of defendant Kaur's statements to the Chesterfield County Department of Social Services "could potentially be probative of issues in the bankruptcy fraud." *Id.* at 4. On these points, the government agrees.

However, as a general matter, the government does not agree with the general thrust of the defense argument that differential relevance of certain evidence to certain counts of the Indictment counsel the Court towards the severance of counts. There is substantial overlapping evidence for the forced labor and bankruptcy fraud conduct, a common underlying scheme to unlawfully enrich the Lovely Market at all costs, and many of the same witnesses who would testify to both conspiracies—all of which counsel towards finding the joinder of offenses proper. The government has more fully addressed its opposition to the severance of counts in a separate pleading (ECF No. 73) and incorporates those arguments by reference as though set forth in full here.

Moreover, the government disagrees with the defense contention that the Virginia Employment Commission records are *only* pertinent to the forced labor allegations and not to the bankruptcy fraud allegations because these same records show defendant Kaur's employment at the Lovely Market. Defendant Kaur stated in her sworn 341 meeting of the creditors, conducted by the United States Trustee's Office, that she never worked at the Lovely Market. At no point in her bankruptcy process did defendant Kaur correct this lie. Yet, the Virginia Employment Commission records show that defendant Kaur was paid for employment at the Lovely Market for the quarterly reporting periods of June 1, 2020, through December 31, 2021, which overlaps in part with the charged timeframe of the bankruptcy fraud conspiracy (May 2018 through April 13, 2021). Moreover, the fact that the first Lovely Market report documenting defendant Kaur's pay at the Lovely Market starts in the same reporting quarter as when the United States Bankruptcy

Court granted defendant Kaur a discharge of debt (August 14, 2020) permits an inference that the defendants' sought to hide defendant Kaur's connection to the Lovely Market from the bankruptcy process. Thus, the Virginia Employment Commission records are intrinsic to both conspiracies.

The government further disagrees with defendant Kaur's contention that her statements to the Chesterfield Department of Social Services are "irrelevant to the forced labor charges." ECF No 77 at 4. The government contends that the August 20, 2019 marriage between defendant Kaur and B.S. was a sham, and B.S. was coerced into this marriage. And, just two months after this marriage, on or about October 22, 2019, while defendant Kaur and B.S. were still legally married, defendant Kaur continued to list her marital status as "divorced" in applications to the Chesterfield Department of Social Services. (Defendant Kaur and B.S. remained legally married until on or about February 22, 2021.) The failure to report B.S. on such governmental filings evidences the defendants' *mens rea* that the marriage was indeed a sham and is further evidence of the defendants' attempts to conceal the nature and circumstances of B.S.'s living conditions—all relevant to Counts 1 through 3.

Lastly, concerning the video of Singh firing a firearm through his car sunroof, the defendant emphasizes the fact that B.S. and defendant Kaur are not present in the video as well as the fact that the government need not establish that the firearm was in operating condition. These arguments miss the point—the government is introducing the video for the narrow purpose of attributing the firearm to defendant Singh, who B.S. will testify consistently carried this same firearm and coerced his labor, in part, with the firearm. Defendant Kaur fails to address this argument. Moreover, the Court can fashion an instruction to the jury to only consider this evidence for such limited purpose.

Reply to Defendant Harmanpreet Singh's Pleading (ECF No. 75)

The government writes to correct the record on various points contained within defendant Singh's response.

*First*, while defendant Singh analyzes the evidence under the Fed. R. Evid. 404(b) standard, defendant Singh does not address the government's arguments that all the evidence discussed is admissible as intrinsic evidence. As Fourth Circuit authority makes clear, Fed. R. Evid. 404(b) differentiates between intrinsic and extrinsic evidence, and intrinsic evidence (*i.e.*, res gestae) is not subject to the rules and limitations of 404(b). *United States v. Chin*, 83 F.3d 83, 87-88 (4th Cir. 1996) (holding that "acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence"); *United States v. Kennedy*, 32 F.3d 876, 885-86 (4th Cir.1994) (holding that Rule 404(b) is not applicable to evidence of crimes that arose out of the same series of transactions as the charged offense or that are necessary to complete story of the charged crime); *see also* Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment (recognizing distinction between intrinsic and extrinsic evidence). As the government's motion described in detail, all of the evidence at issue should be admitted by this Court as evidence intrinsic to the charged offenses.

*Second,* as to the records related to B.S.'s employment at the Lovely Market (including Virginia Employment Commission, Virginia Department of Taxation, Internal Revenue Service, and Lovely Market accountant records), defendant Singh appears to imply that records were generated outside of the timeframe charged in the forced labor conspiracy. *See* ECF No. 75 at ¶ 7-8 ("The events that took place in the months following the end of the alleged conspiracy do not meet the requirements of the *Queen* test."). Here, the defendant simply gets wrong the charged

4

conspiracy timeframe; Count 1 of the Indictment sets forth a timeframe for the forced labor conspiracy of "in or about February 2018, and continuing until on or about December 14, 2021." Indictment ¶ 6.[1] Even assuming that the defense is correct that evidence outside of a charged time period cannot be relevant, the defense argument is belied by the fact that the records to which the defendant refers were all generated *within* the charged conspiracy timeframe. As a result, the Court should find such evidence is intrinsic to the charged offense.

*Third,* defendant Singh asserts that there is no reason to admit the video of Singh shooting the firearm because B.S. can identify the firearm and law enforcement has the actual firearm. This argument needlessly forces the government to rely solely on B.S.'s testimony to establish that defendant Singh owned and consistently carried the firearm—the same firearm used to coerce B.S.'s labor—when the government is able to provide a video, recovered from defendant Singh's cellular telephone, as corroboration that defendant Singh in fact owned and carried the firearm at issue. *See United States v. Dickerson*, 166 F.3d 667, 680 (4th Cir. 1999) ("[E]very additional piece of evidence offered is, by definition, cumulative, cumulative evidence is not bad per se. Indeed, under the Federal Rules of Evidence it is [only] the 'needless presentation of cumulative evidence' that is to be avoided." (quoting Fed. R. Evid. 403)).

*Fourth*, defendant Singh again asserts that the firearm is irrelevant because none of the charges require proof and/or possession of the firearm. The government addressed this argument in a separate pleading (ECF No. 70) and incorporates by reference the same arguments here.

---

[1] Defendant Singh also confusingly asserts "[B]y its own admission, the government concedes that this proposed evidence was created in May of 2021 – months after the alleged conspiracy had already concluded in December of 2021." ECF No. 75 at ¶ 7. This defense point reinforces that the records at issue were created *within* the charged conspiracy timeframe and are thus intrinsic to the charged offense.

*Fifth*, defendant Singh again raises the same *Bruton v. United States*, 391 U.S. 123 (1968), and severance issues as were raised in a separate pleading. The government incorporates by reference its arguments from ECF No. 71 to address those points.

## **CONCLUSION**

For the reasons stated above, the United States respectfully requests that the Court grant the Government's motions *in limine* to admit the referenced evidence.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By:            /s/
Avi Panth
Virginia Bar No. 92450
Assistant United States Attorney
United States Attorney's Office
919 E. Main Street, Suite 1900
Richmond, Virginia 23219
Office Number: (804) 819-5400
Fax Number: (804) 771-2316
E-Mail Address: Avishek.Panth@usdoj.gov

KRISTEN M. CLARKE
Assistant Attorney General

By:            /s/
Matthew Thiman
Trial Attorney
New York Bar No. 5494554
Criminal Section, Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Washington, District of Columbia 20530
Office Number: (202) 514-3204
Fax Number: (202) 353-8154
E-Mail Address: Matthew.Thiman@usdoj.gov

6