```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                  Richmond Division




THE UNITED STATES OF AMERICA,

                    plaintiff,

         versus                      3:23CR92

KUBIR KAUR and

HARMANPREET SINGH,

                    defendants,




         Before:  HONORABLE ROBERT E. PAYNE
          Senior United States District Judge




                    Phone Conference



                  November 28, 2023

                  Richmond, Virginia



                  GILBERT F. HALASZ
                Official Court Reporter
                   U. S. Courthouse
                 701 East Broad Street
                   Richmond, VA 23219
```

APPEARANCES

Matthew Thiman, Esq.

DOJ-Crt

for the United States



Ali John Amirshahi

Gregory R. Sheldon, Esq.

for defendant Kaur


Atchuthan Sriskandarajah, Esq.

Matthew W. Greene, Esq.

for defendant Singh

1          THE COURT:  Hello.

2          This is United States versus against Kaur and Singh,

3   criminal 3:23 CR 92.

4          Beginning with counsel for the government, who is

5   here?

6          MR. THIMAN:  Good afternoon, Your Honor, Matthew

7   Thiman for the government.

8          MR. SHELDON:  Good afternoon.  This is Greg Sheldon

9   for defendant Kulbir Kaur.

10         MR.SRISKANDARAJH:  Good afternoon, Your Honor.  This

11  is Atchuthan Sriskandarajh for Harmanpreet Singh.

12         MR. GREENE:  Good afternoon, Your Honor, this is

13  Matthew Greene for Mr. Singh.

14         THE COURT:  All right.

15         There is an order that was entered on the 18th, ECF

16  number 118.  It was entered yesterday.

17         And I have to confess to being quite confused.  There

18  was pending at the time government's motion to admit

19  rebuttal evidence, ECF number 105, and to it was attached

20  the proposed motion and memorandum for which leave was

21  sought.  That would have been 105-1 and 105-2.

22         The counsel for the government called chambers on

23  November 27 saying they sought clarification as to the

24  order number 113, wherein briefing was called for on ECF

25  number 105.  At that time counsel were instructed to look

1  at ECF number 113, and paragraph four, which dealt with
2  the briefing.
3        But then nonetheless, on the 17th, even though the
4  matter was whether this motion was to be allowed to be
5  filed or not, I went back and looked at the transcript and
6  Mr. Amirshahi, I mean Mr. Kulbir Kaur, did not object, but
7  Singh did.  So that is why we set up the briefing.
8        Why, Mr. Sriskandarajah, was 116 and 117, why were
9  they filed yesterday?
10       MR.SRISKANDARAJH:  Yes, Your Honor, I can explain.
11 Our reason -- I would say initially, Your Honor, we have
12 no intention trying to flout The Court order in any way.
13 We ultimately decided, subject to filing in an effort to
14 comply with our understanding of The Court's orders and
15 depend on the conference call.  This may have been our
16 mistake and our misunderstanding of the conference call,
17 Your Honor, and ultimately maybe counsel had a different
18 understanding, but I thought we had had a long discussion
19 on the conference call about the actual substance of the
20 government's motion to admit rebuttal evidence prior to
21 The Court setting that response schedule detailed in 113.
22 So we believe that it was clear, at least, Your Honor from
23 the conference call, that the filing schedule related to
24 the actual substantive motion rather than the motion for
25 leave, which would require us to file the motion prior to

```
 1    the defense filing any responses to it today.  Considering
 2    that, we wanted to make sure we were also complying with
 3    ECF 111, which ordered us just to comply basically with
 4    all the agreements and understandings from the conference
 5    call.  We did read 113, of course, and reached out for
 6    clarity to chambers whether we should logistically file
 7    the actual motion, or whether that wasn't The Court's
 8    preference based upon what we thought was our
 9    understanding of the conference call.  And they properly
10    said they couldn't clarify The Court's orders, but
11    considering the timing of the defendants' responses, which
12    were due today, we had tried our best to comply with what
13    we believed The Court's intentions are from the conference
14    call to make sure the motion was filed prior to the
15    defendants filing their responses to it today.
16          But, again, it may have been our misunderstanding
17    from the conference call, Your Honor.
18          THE COURT:  Your first mistake -- first, you
19    shouldn't call in and ask for clarification of something
20    if you were doing it ex parte.  That is the first thing.
21          Second thing, order trumps transcript.  The order
22    tells you very clearly that we are dealing with only the
23    motion for leave to file, and you have already filed your
24    motion, whatever it was.  It didn't seem to be much.
25    Defendants were given an order in 113 to file by today,
```

```
 1    and that is what they were to address was the question of
 2    the leave to file.  You were given a motion for leave to
 3    file -- you were given in the order an opportunity to file
 4    a reply on that topic.  That is all there was to it.  I
 5    don't know how you got yourself so confused.  I think you
 6    probably out-thought, tried to out think an owl, in the
 7    words of one of my former colleagues.
 8         I don't know what on earth you sought to accomplish
 9    by doing it.
10         So it is done, and I am not going to pay any
11    attention to it.  I will issue an order striking 116 and
12    117.  And I now will be considering only the motion for
13    leave to file.
14         Now, it is entirely possible that the defendants
15    could use as a ground for not allowing the filing of the
16    supplemental motion in limine, or the extra motion in
17    limine.  That it would be futile, and if that is the case,
18    then they are entitled to discuss the futility of the
19    proffered document.  And then you can address it in the
20    reply brief if that occurs.  But, I understand that now.
21    So all you have to do is address, defendants, whether
22    leave should be granted under the test that applies leave
23    to be granted.
24         Are you clear on that?
25         MR.SRISKANDARAJH:  Yes, Your Honor.  And I apologize.
```

1    Yes, Your Honor.

2         MR. GREENE:  This is Matthew Greene --

3         THE COURT:  Yes.

4         MR. GREENE:  -- for Mr. Singh.

5         Just to confirm.  We are going to file a response

6    today on the issue of should we ask this court to

7    consider, I believe it is ECF 105, motion to admit certain

8    rebuttal evidence?

9         THE COURT:  That is correct.

10        MR. GREENE:  Thank you.

11        THE COURT:  That is all you can file.

12        Now, I want to clarify something.

13        We had a conference call -- what date was it on?

14        THE CLERK:  November 21.

15        THE COURT:  On November 21st.  And we dealt with a

16   number of things.

17        Among them was a motion in limine, number one.  The

18   motion having to do with electronic information.  And the

19   government advised that the electronic information they

20   sought to admit, which they had in the record in the form

21   of an attachment to various motions, and in the form of a

22   notebook, were to prove the fact that the B.J. worked at

23   the Lovely Market Store.  And the quantum of his work,

24   that is stated variously in the transcript or in the

25   record as scope, and whether he worked there, the scope of

1    his work, and the amount of his work.

2         I don't know how you can get that in any way, but
3    that is what we are talking about.  Then I said, asked
4    you, well, really all you are talking about is whether he
5    worked at the store.  And the defendant Kaur said they
6    weren't contesting that he worked at the store, neither
7    was defendant Singh.  I suggested that perhaps you all
8    could work out a stipulation and talk about it.  And asked
9    that you do that.

10        And I haven't heard back from you.  Have you all
11   stipulated that he worked at the store and the amount of
12   hours that he worked?  Or either one of those things?

13        Government, what is the answer?

14        MR. THIMAN:  This is Matthew Thiman for the
15   government, Your Honor.  We have not discussed any
16   potential stipulations yet.  I will say --

17        THE COURT:  Mr. Thiman, I told you to discuss the
18   stipulation on the 21st.  Is that -- I mean that assumes
19   you are going to discuss it thereafter and before we have
20   a further hearing because the conference and the
21   stipulation related to a motion in limine that was going
22   to be considered on the fourth, the fourth of December.
23   So that is what you were told to do.  You tell me now you
24   didn't do it.  So, is it now the case that there is no
25   longer any dispute by either defendant as to whether B.J.

1    worked at the store?

2         Do you still agree?

3         MR. SHELDON:  This is Greg Sheldon for Kulbir Kaur.

4    We do not dispute that he worked at the store.

5         THE COURT:  All right.

6         MR. SHELDON:  I understand Mr. Amirshahi stipulated

7    that previously.

8         THE COURT:  Mr. Greene, for Mr. Singh?

9         MR. GREENE:  Yes, sir.  Matthew Greene for Mr. Singh.

10   We similarly do stipulate that he did work at the store.

11        THE COURT:  All right.

12        In the discussion you mentioned that there was some

13   dispute about how long, that is, the number of hours or

14   days he worked at the store.  And that these messages that

15   you were offering would be probative of that fact.  Do you

16   now have a stipulation as to the length of time, either

17   number of days, and their numbers of hours of the days

18   that he worked at the store?

19        Government, yes or no?

20        MR. THIMAN:  I don't believe that defense agreed to

21   the number of hours of days he worked at the store.

22        THE COURT:  Are those in dispute from Mr. Kaur?

23        MR. SHELDON:  Judge, I believe so, yes.

24        THE COURT:  And for Mr. Singh?  Mr. Greene?

25        MR. GREENE:  Yes, sir, Your Honor.

1          Matthew Greene for Mr. Singh.  I agree, like

2     Mr. Kaur, we believe that is in dispute.

3          THE COURT:  Well, tell me this.  Why is it in

4     dispute?  Start with this one.  Is there a time check-in

5     system in the store?  Did he punch a time clock?

6          MR. THIMAN:  This is Matthew Thiman for the

7     government, Your Honor.  There is no time clock.

8          THE COURT:  All right.

9          Is there anything -- do these messages that you are

10    talking about, how do they go to prove the amount of time

11    he worked in the store?  Do they do it by day or by month

12    or by week, or what?

13         MR. THIMAN:  Matthew Thiman again, Your Honor.

14         The messages if you look through the messages each

15    individual day you can see messages between defendants

16    Singh and defendant Kaur.  You can also see it happens all

17    hours of the day, too, Your Honor.  So often times there

18    is a series of messages.  We highlighted, I believe you

19    have that, show messages directing him about work in the

20    store and certain orders to work in the store.  Even late

21    into the night.  Those are eminently relevant as to the

22    scope of his work, how early and how late he worked.  And

23    frequency in terms of each individual day.  I also say,

24    too, Your Honor these messages are direct evidence of

25    their knowledge of him working at the store, because there

1    is direct orders at all times of day and night.

2         THE COURT:  If they stipulate that he worked at the

3    store there isn't any issue that they had knowledge that

4    he worked at the store, for Pete's sake.

5         What are you talking about?

6         MR. THIMAN:  As long as the stipulation would

7    encompass their knowledge of that, then, Your Honor --

8         THE COURT:  Well then, how could they possibly

9    coherently, rationally, reasonably stipulate that he

10   worked in the store without knowing that he worked in the

11   store?

12        Do you dispute that, Mr. Sheldon, that your client

13   knew he worked in the store?

14        MR. SHELDON:  No, sir, Your Honor, I do not.

15        THE COURT:  Mr. Greene, does Mr. Singh dispute that

16   he worked in the store?

17        MR. GREENE:  No, sir, we do not.

18        THE COURT:  All right.

19        MR. THIMAN:  If I may --

20        THE COURT:  Who is that?

21        MR. THIMAN:  Matthew Thiman, Your Honor.

22        THE COURT:  Well, unless the messages that you

23   attached that I was to read, and I have outlined them for

24   you in a previous conversation, which I read, the only

25   thing probative of the time that he worked is the time of

1    the messages, is that correct, of all of them, or do they,
2    do they contain somewhere among the ones that I didn't,
3    you didn't send me, something that says, well, my usual
4    working hours are 10:00 to 10:00 or 10:00 to 7:00?  And
5    they say, no, your working hours are 9:00 to 5:00 or
6    something like that?  Which one of them is it?
7         MR. THIMAN:  By and large, Your Honor, I think we
8    included representative examples.  There isn't anything
9    specifically that details hours, but you can see in all
10   the messages that are work related at all hours of the
11   day, included in the messages even that we didn't
12   represent in the attachment to the supplemental
13   memorandum -- I believe the stipulation as to the fact he
14   worked there is not sufficient for us to prove, as we have
15   to, they provided certainly services throughout the
16   charged time period, which is something that we will have
17   to prove at trial.  A broad general stipulation won't be
18   sufficient for us to prove that element of the crime.
19        THE COURT:  They stipulate that he worked out --
20   worked there for the duration alleged in the complaint, I
21   believe, didn't you all?  Didn't you say that,
22   Mr. Sheldon?
23        MR. SHELDON:  Yes, I don't believe that we dispute
24   that he was there working throughout the time period
25   alleged.  It it is the other aspect of the allegation.

1        THE COURT:  The number of hours in the day, right?

2        MR. SHELDON:  Yes, sir, Your Honor.

3        THE COURT:  Is that correct?

4        Same thing for you, Mr. Greene?

5        MR. GREENE:  Yes, Your Honor, I agree that is

6   correct.

7        THE COURT:  Well then, don't those messages to the

8   extent they are probative by themselves then in order to

9   get them in -- assuming you can pass the authenticity bar,

10  which you say you can -- you would have to deal with every

11  one of those messages.  And that is precisely what the

12  probative value of the fact that messages occurred at

13  different times on different days seems to me to be highly

14  outweighed by the confusion and delay that it would

15  engender.  403 would eliminate the probative, and would

16  say that the probative value and relevance in that

17  situation is so marginal its prejudicial consequence

18  outweighs the benefit.  So it would fall.

19       If you are doing this for the purpose that you are

20  saying, I am sure that you are familiar with the Federal

21  Rule of Evidence 1006.  You can have somebody on the

22  government's dime go do the calculation that you want and

23  prepare a summary chart, and perhaps get it in that way.

24  But you can't, you can't burden the trial, I don't think,

25  with all of that material.

1          Now, you have got a lot of material you haven't
2     attached to the papers that you filed.  But I want you to
3     go study that and see what you can do.  Right now I don't
4     need any briefing, further briefing, on the motion in
5     limine, number one, which is part of ECF 42, I believe it
6     is.  That motion is granted.  It will be -- I mean is
7     denied without prejudice to raising a way to get it in
8     under Federal Rule of 1006.
9          All right.
10         I think that takes care of the motion in limine
11    number one, which is part of the government's multiple
12    motions.
13         Then I have got briefing coming in on the motion for
14    leave, and I will let you know if I need a hearing on
15    that.
16         Did we put a hearing date in the order?  I don't
17    think we did.
18         THE CLERK:  You put in a response.
19         THE COURT:  So I will let you know if I need a
20    hearing after the responses and replies are filed.
21         So, is there anything else that you all have?
22         MR. THIMAN:  Not at this time from the government,
23    Your Honor.
24         MR. GREENE:  Not on behalf of Mr. Kaur.  Thank you.
25         THE COURT:  Now we have --

1          MR. GREENE:  Nothing on behalf of Mr. Singh, Your

2     Honor.

3          THE COURT:  Now, we have a hearing on ECF 43 and some

4     motions in limine on December 4.  Have you resolved any of

5     those issues among yourselves so that I don't have to

6     spend time preparing for them?  If you will tell me what

7     they are I can go forward and look and consider the ones

8     that are going to be actually in dispute.

9          MR. THIMAN:  Matthew Thiman for the government, Your

10    Honor.  I believe all of the outstanding issues are still

11    are outstanding.

12         THE COURT:  All right.

13         The motion to suppress 43 that is written down in the

14    book.  Why is it in my book if it is decided?

15         Are you all in agreement that motion to suppress, ECF

16    43, has been decided?

17         MR. SHELDON:  Judge, this is Greg Sheldon for Mr.

18    Kaur.  My understanding is that you entered an order

19    granting that motion.

20         THE COURT:  All right.

21         MR. SHELDON:  I can't remember the number.  I believe

22    you granted that motion.

23         MR. THIMAN:  Matthew Thiman for the government.  I

24    believe decided in ECF 114.

25         THE COURT:  All right.  Just a minute.  What is this,

1    23 or 22?

2         All right.  Before we go, I want to make sure we are

3    straight on this.

4         What docket number did you say it was, sir?

5         MR. SHELDON:  It was ECF 114.

6         THE COURT:  114, yes.  Right.

7         So we will basically have the motion in limine left

8    to be dealt with; is that right?  The motion to exclude

9    Singh's witness.  Yes.  All right.  Okay.  I will see you

10   all on the fourth of December.  If I need to hear argument

11   I will let you know, and probably argue it on that date.

12   As to the additional motions, I have to wait until I see

13   the papers that are going to be filed today and the reply.

14        So what is the reply date?

15        THE CLERK:  You have the order.

16        THE COURT:  All right.

17        For those of you who are planning to work until

18   midnight, get them filed by close of business.

19        Any reason you can't do that for the defendant?

20        MR. THIMAN:

21        MR. SHELDON:  Not a problem, Your Honor.  I will do

22   my best, sir.

23        THE COURT:  Well, let's make it by 8:00 o'clock

24   tonight.

25        MR. SHELDON:  Yes, sir.

```
1          THE COURT:  All right.
2          Thank you all very much.
3          MR. THIMAN:  Thank you, Judge.
4                 HEARING ADJOURNED.
5    THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT.
6
7                 GILBERT FRANK HALASZ
8                 Official Court Reporter
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```