IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                              Criminal Case No. 3:23-cr-92

KULBIR KAUR,
also known as "LOVELY,"

and

HARMANPREET SINGH

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the GOVERNMENT'S MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AS RES GESTAE OR, ALTERNATIVELY, PURSUANT TO FED. R. EVID. 404(B) (ECF No. 49) (the "Motion"). For the following reasons, the Motion was granted in part and denied in part. ECF No. 138.

## I. Background

Defendants Kulbir Kaur and Harmanpreet Singh were charged with: (COUNT 1) Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. §§ 1594(b) and 1589; (COUNT TWO) Forced Labor, in violation of 18 U.S.C. §§ 1589, 1594(a), and 2; (COUNT THREE) Harboring an Alien for Financial Gain, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2; (COUNT FOUR) Document Servitude, in violation of 18 U.S.C. §§ 1592 and 2; (COUNT FIVE) Unlawful

Conduct with Respect to Immigration Documents, in violation of 18 U.S.C. §§ 1597 and 2; (COUNT SIX) Conspiracy to Commit Bankruptcy Fraud and Make Fraudulent Transfers in Contemplation of Bankruptcy, in violation of 18 U.S.C. § 371; and (COUNT SEVEN) Fraudulent Transfers in Contemplation of Bankruptcy, in violation of 18 U.S.C. §§ 152(7) and 2. ECF No. 29. Trial is scheduled on COUNTS ONE through FIVE for January 5, 2024. ECF No. 62; ECF No. 88.

The Government seeks to admit the following four DESIGNATIONS of evidence at trial:

(1) Records and testimony pertaining to: (a) false submittals and statements Defendants made to the Virginia Employment Commission, the Virginia Department of Taxation, the Internal Revenue Service, and the Lovely Market accountant; and (b) falsified pay stubs purporting to show that B.S. was paid at Defendants' store, the Lovely Market, generated only after B.S. is said to have "escaped" from Defendants in May 2021.

(2) A video of Singh firing the silver Ruger revolver he allegedly had previously used to coerce B.S. with out of the sunroof of his car.

2

(3) Records and testimony pertaining to Kaur's false submittals to the Chesterfield County Department of Social Services for governmental benefits, which shed light on B.S.'s alleged forced marriage pertinent to COUNTS ONE and TWO.

(4) Records and testimony pertaining to Kaur seeking an extension of B.S.'s tourist visa—including by submitting a sworn affidavit with material omissions as to the recreational nature and purpose of B.S.'s visa extension.

At the hearing on December 4, 2023, the parties stipulated to the admissibility of the evidence in DESIGNATION (1), and the Court has already ruled in a separate order that the evidence in DESIGNATION (2) is inadmissible. ECF No. 141. The only remaining disputes respecting the Motion pertain to the evidence in DESIGNATIONS (3) and (4). Singh objects to the evidence in DESIGNATIONS (3) and (4) because it would be unfairly prejudicial to Singh and would violate his Confrontation Clause rights.[1] ECF No. 75 at 5-7. Kaur does not object to the evidence in DESIGNATION (4), but she does object to the DESIGNATION (3) evidence under Fed. R. Evid. 401, 403, and 404(b). ECF No. 77 at 3-5.

---

[1] Singh retracted his Bruton objections at the hearing.

## II. Discussion

### a. Does the Evidence in DESIGNATION (3) or (4) Violate the Confrontation Clause?

The Confrontation Clause of the Sixth Amendment to the U.S. Constitution states that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. A witness's out-of-court statements against a criminal defendant will therefore be barred unless the declarant is unavailable and there has been a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 68 (2004). Importantly, this rule only applies to testimonial statements. Crawford, 541 U.S. at 51; U.S. v. Dargan, 738 F.3d 643, 650 (4th Cir. 2013). The Supreme Court in Crawford declined to provide a comprehensive definition of "testimonial." 541 U.S. at 68. However, the Fourth Circuit has understood Crawford and its progeny to stand for the principle that a statement is testimonial when "a reasonable person in the declarant's position would have expected his statements to be used at trial . . . ." U.S. v. Udeozor, 515 F.3d 260, 268-69 (4th Cir. 2008). In other words, that "his statements would be used prosecutorially." Id. at 269.

4

Singh claims that the various government applications submitted by Kaur will violate his Confrontation Clause rights. ECF No. 75 at 5-7. The first set of documents and testimony pertain to applications for health care coverage, food assistance, or cash assistance filed by Kaur with the Chesterfield County Department of Social Services. ECF No. 49 at 17. (DESIGNATION (3)). In these applications, Kaur listed her marital status as "divorced" on October 22, 2019 months after having married B.S., and she failed to disclose B.S. as a member of her household. Id.

The second set of documents and testimony pertain to B.S.'s visa extension application. ECF No. 49 at 19. (DESIGNATION (4)). Kaur took B.S. to an immigration lawyer to get his B-1/B-2 nonimmigrant visa ("tourist visa") extended in July 2018. Id. Kaur paid the immigration attorney's fees, listed her own phone number, email, and mailing address as B.S.'s contact information, listed her own financial information as B.S.'s sponsor, and designated herself as "translator" on the application. Id. at 19-20. In their notarized affidavits on the application, Kaur and B.S. claimed that the purpose of the Visa extension was to travel and explore the United States and celebrate Christmas in the United States. Id. at 20. Kaur omitted B.S.'s employment at the Lovely Market from the

application even though she allegedly knew that B.S. was working rather traveling and that this work was in violation of his tourist visa. Id.

The statements made by Kaur in these government application documents are not testimonial. Although the statements made in the applications include sworn affidavits, a reasonable person would not have expected these types of statements made in routine government benefit and visa applications to be later used prosecutorially at a trial against Singh. See Udeozor, 515 F.3d at 269. The statements proffered do not even mention or pertain to Singh. Thus, the statements are not testimonial and will not violate Singh's Sixth Amendment Confrontation Clause rights if admitted at trial.

> b.  Does the DESIGNATION (3) or (4) Evidence Violate Fed. R. Evid. 404(b)?

Fed. R. Evid. 404(b) prohibits evidence of a defendant's crimes, wrongs, or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of uncharged conduct is not prohibited under Rule 404(b) if the uncharged conduct is intrinsic to the charged offense. United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) ("[A]cts intrinsic to the alleged crime do not fall under

6

Rule 404(b)'s limitations on admissible evidence."). Evidence is intrinsic if it "arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." United States v. Siegel, 536 F.3d 306, 316 (4th Cir. 2008) (cleaned up). This type of evidence that provides important context relevant to the charges is known as *res gestae* evidence and is admissible without considering the limitations of Rule 404. See United States v. Cooper, 482 F.3d 658, 663 (4th Cir. 2007); United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980) (evidence that is necessary to a full presentation of the case or to complete the story of the crime is *res gestae* evidence).

Additionally, evidence of a crime, wrong, or other act that is offered for any other purpose than proving character may be admitted. Fed. R. Evid. 404(b)(2). Other purposes include, but are not limited to, proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. The Fourth Circuit has developed a four-prong test for the Rule 404(b)(2) analysis. Evidence may be admitted if:

> (1) the evidence [is] relevant to an issue, such as an element of the offense, and [is] not offered to establish the general character of the defendant; (2) the [evidence is] necessary in the sense that it is probative of an essential claim or an element of the

7

>  offense; (3) the evidence [is] reliable; and (4) the evidence's probative value [is] not substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) (internal citations omitted).

Kaur and Singh claim that the DESIGNATION (3) evidence is irrelevant and prejudicial as it pertains to the forced labor charges (COUNTS ONE through FIVE). ECF No. 77 at 4; ECF No. 75 at 7. The Government claims that this evidence is intrinsic to the offense because it goes to Defendants' *mens rea* to conceal and harbor B.S. from the government and that B.S.'s marriage to Kaur was coerced and a sham. ECF No. 81 at 3.

The documents filed with the Chesterfield County Department of Social Services (DESIGNATION (3)) are admissible. While the documents may not be directly intrinsic to the forced labor charges, they are admissible under the Queen test. The evidence is relevant and probative for proving the concealment and/or harboring of B.S. from the government under COUNT THREE. It is also relevant and probative for proving Defendants' knowledge that the marriage was a sham executed for the purpose of manipulating B.S. into believing that Kaur, as a spouse of B.S., could take his family's property in India if he did not continue to work at the Lovely Market. ECF No. 49 at 16. The evidence is

reliable because it consists of business records of the Chesterfield County Department of Social Services. Finally, the probative value is not substantially outweighed by unfair prejudice as to Kaur because the offense of making false statements to the Department of Social Services would not tend to subordinate reason to emotion in the broader context of a forced labor charge. See Queen, 132 F.3d at 997 (explaining prejudice). And as to Singh, he allegedly did not prepare or sign the applications, so the prejudicial effect on him is only minimal. For the same reasons, this evidence does not violate Fed. R. Evid. 401 or 403.

Only Singh objects to the admission of the visa extension application documents (DESIGNATION (4)). ECF No. 77 at 5; ECF No. 75 at 7. He claims that these documents are unfairly prejudicial to him. ECF No. 75 at 7.

The visa extension application documents are admissible because they are intrinsic to the offenses under the Government's theory of the case. Kaur reported on the application that B.S. needed more time in the United States to travel when in actuality he was working at the Lovely Market in violation of his tourist visa. ECF No. 49 at 20. This false pretense allowed Defendants to extend B.S.'s stay in the United States so B.S. could keep working at the Lovely Market. Id. at

9

21. Additionally, the statements suggest that B.S. was financially reliant on Defendants for his needs. Id. Thus, the statements and documents pertaining to the visa application are intrinsic to the concealment and harboring of an alien element under COUNT THREE and the knowledge of obtaining forced labor under COUNTS ONE and TWO. The evidence is also intrinsic to COUNTS FOUR and FIVE because it helps establish that Defendants confiscated and/or possessed B.S.'s immigration documents in order to coerce and maintain his labor throughout the conspiracy period. See ECF No. 48 at 21-22. For the same reasons, this evidence does not violate Fed. R. Evid. 401 or 403. Thus, these documents and statements pertaining to the visa extension application are admissible.

## CONCLUSION

In sum, the Government's proffered evidence will not violate Singh's Confrontation Clause Rights because it is not testimonial. The misrepresentations to the Chesterfield County Department of Social Services (DESIGNATION (3)) are admissible pursuant to Fed. R. Evid. 404(b), and the visa extension application documents and statements (DESIGNATION (4)) are admissible as res gestae. The evidence in DESIGNATION (1) is admissible by agreement of the parties. The evidence in

DESIGNATION (2) has previously been excluded in a separate order. ECF No. 141.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 8, 2023

11