IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cr-00092-REP |
| | ) | |
| **KULBIR KAUR,** | | |
|   *Defendant* | | |

### DEFENDANT'S POSITION ON SENTENCING

COMES NOW the defendant, Kulbir Kaur by counsel, Ali J. Amirshahi, and Gregory Sheldon, and hereby files this Position on Sentencing pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and 18 U.S.C §3553(a). The Pre- Sentence Report ("PSR") contains guidelines which suggest a recommended guideline range of 135 to 168 months, a fine of $250,000 and up to 3 years of supervised release. Due to her financial condition, Ms. Kaur requests that she not be fined as part of her sentence.

Ms. Kaur has received and reviewed the PSR and the applicable sentencing guidelines. Ms. Kaur is objecting to the calculation of the sentencing guidelines. Specifically, Ms. Kaur objects to a four -level enhancement for the use of a dangerous weapon. Ms. Kaur is also requesting a downward variance from the recommended guideline range. The objection to the sentencing guideline calculation and motion for a variance sentence will be addressed in separate motions. Ms. Kaur is requesting this Honorable Court to sentence her to a sentence of 36 months incarceration to include a period of probation with home confinement and work release, to be

followed by a period of supervised release. This is a sentence that is sufficient but not greater than necessary to achieve the goals and objectives of 18 U.S.C §3553(a).

In support of this request, Ms. Kaur submits the following:

## Case History

The defendant, Kulbir Kaur, was indicted in a seven count indictment on July 19, 2023, charging her and her co-defendant, Harmanpreet Singh, with Conspiracy to Commit Forced Labor (Count One) in violation of 18 U.S.C §1594(b) and (1589), Forced Labor (Count Two), Harboring an Alien for Financial Gain in violation of 18 U.S.C. §1324 and U.S.C §2 (Count Three), Document Servitude in violation of 8 U.S.C § 1324 (Count 4), Unlawful Conduct with Respect to Immigration Documents in violation of 18 U.S.C §1597 (Count 5), Conspiracy to Commit Bankruptcy Fraud and Making Fraudulent Transfers in Contemplation of Bankruptcy in violation of 18 U.S.C §371 (Count 6), and Making Fraudulent Transfers in Contemplation of Bankruptcy 18 U.S.C §152 (7) and 2 (Count 7).

The defendant proceeded to trial on counts one (1) through five (5) on January 5, 2024. On January 19, 2024, after deliberations, the jury returned verdicts of guilt on all five (5) counts. The Court sent sentencing for May 8, 2024 and, pursuant to 18 U.S.C. § 3143(a)(2), ordered the defendant's detention. On motion of the Government, and without objection by the defendant, Counts 6 and 7 were dismissed without prejudice.

The Court allowed Ms. Kaur to be readmitted to bond until March 5, 2024, when she surrendered herself to law enforcement. She has remained incarcerated since that time.

**Legal Framework**

While this Court cannot treat the sentencing guideline range as mandatory, it still must correctly calculate the guideline range, *Gall v. United States*, 552 U.S. 38, 49 (2007); *Nelson v. United States*, 555 U.S. 350, 352 (2009), and must treat the guideline range as "one factor among several" to be considered in imposing an appropriate sentence under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *Id*. at 49-50, and explain how the facts relate to the purposes of sentencing. *Id*. at 53-60; *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011). The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43. After listening to the parties' arguments as to the appropriate sentence, a sentencing judge must look to the other sentencing factors delineated in 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by the parties. *See Gall*, 552 U.S. at 49.

The other factors courts must consider when imposing the appropriate sentence are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with appropriate correctional treatment, *id*. at § 3553(a)(2); the kinds of sentences available, *id*. at § 3553(a)(2); the need to avoid unwarranted disparity among defendants with similar records and conduct, *id*. at 3553(a)(6); and the need to provide restitution to any victims of the offense, *id*. at § 3553(a)(7). The overarching admonition of 18 U.S.C. §

3553(a) is that courts are obliged to "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subjection."

**Argument under 18 U.S.C. § 3553(a)**

**Given the Nature and Circumstances of Ms. Kaur' Offense and His History and Characteristics, the Sentencing Guideline Range Is Greater than Necessary to Satisfy the Purposes of 18 U.S.C §3553(a).**

In enacting the Sentencing Reform Act ("SRA"), Congress did "not favor one purpose of sentencing over another," except that rehabilitation was not to be a reason to impose a sentence of incarceration. See S. Rep. No. 98-225, at 67 (1983). Rather, "each of the four stated purposes should be considered in imposing sentence in a particular case," and "one purpose of sentencing may have more bearing on the imposition of sentence in a particular case than another purpose has." Id. at 68. In choosing what kind of sentence to impose, the court must consider all of the purposes and factors set forth in § 3553(a) and impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing.

1. **Nature and Circumstances of Ms. Kaur's Offense**

This Court heard all the evidence regarding the nature of the offense during a three week jury trial. Bhupinder Singh agreed to come to the United States after speaking to his cousin, Harmanpreet Singh and Ms. Kaur in Punjab, India. After arriving, Harmanpreet Singh took his cousin to work at his store, the Lovely Market. Bhupinder Singh testified that he was forced to work and he was not paid for his labor. He alleged that Mr. Singh used physical force and threats to compel him to work. These threats were taken so seriously that he never attempted to leave,

4

even though both defendants were marooned in India for months during the global COVID pandemic. Ultimately, when Bhupinder's father became aware of these circumstances, he told Bhupinder to leave, which he did. TR 661.

Ms. Kaur's involvement was more limited than Mr. Singh's.

Bhupinder Singh testified that Harmanpreet Singh took him to the store; trained him; instructed him what to do at the store; and that Harmanpreet assaulted him. TR 647, 657. Ms. Kaur would intervene and pull Mr. Singh off Bhupinder and take Harmanpreet Singh to his room.

Bhupinder Singh acknowledged that although his plan was to come to the United States to go to school, he only had a tourist visa. He admitted that he dropped out of school in India before graduating in order to join his cousin and Ms. Kaur in the US. He claimed that he did not know his cousin owned a store and did not feel like asking him any questions.

The fact that the jury convicted Ms. Kaur cannot be denied. But there are some perplexing questions that remain unanswered. Bhupinder admitted on cross examination that the reason he continued to work at the store was because he believed the defendants would enroll him in school. He admitted that he lied to his father about the reality of his circumstances because he did not want to leave. Question: "So you lied to your father because you believed they would eventually enroll you in school?" Answer: "Yes." "And that's the reason you kept staying?" Answer: "Yes." TR 651. When his father did find out that he was not in school and was told to get his belongings and leave- he did exactly that.

While the jury ultimately believed Bhupinder's account of being fearful to leave, the evidence also made it clear that Bhupinder came to this country with no realistic plan of going to school, remained because he believed that he would be enrolled in school-and ultimately

5

demanded his documents and left when his father discovered his son was lying about being in school.

2. **Ms. Kaur' History and Characteristics**

Ms. Kaur is 44 years old. She was born and raised in Punjab, India. Her family immigrated to the United States in 2001. ¶PSR 94.

Ms. Kaur's first marriage was arranged by her family. It was not a good one. Ms. Kaur was physically abused by her husband. She was kept a prisoner in her home, and she had no access to the outside world. She was raped on a regular basis. She was also beaten, even when she was pregnant with her first child, Satbir Kaur. ¶95.

This abusive relationship ended when her husband was arrested for immigration issues and removed back to India. In 2004 Ms. Kaur married Harmanpreet Singh. Mr. Singh is a codefendant to Ms. Kaur.  This marriage produced two children, aged eight and nine years. ¶97.

Despite being a mother of three and being the primary caretaker of all her children, Ms. Kaur has steadily gone to school while working as a registered nurse. She obtained her Associate's degree as a Registered Nurse from J. Sargent Reynolds College in 2012. She obtained her Bachelor in Science degree in Nursing from Purdue in 2020, *Magna Cum Laude*. She later obtained her Master's in Science degree in November of 2023. ¶105.

Ms. Kaur was employed as a registered nurse most recently at Johnston-Willis Hospital, earlier at Henrico Doctors Hospital, and at Sussex State Prison from 2013-2014. ¶107-109

Apart from one conviction for petit larceny, Ms. Kaur has no criminal record.

Ms. Kaur is in good physical health. She has struggled with depression, and her current legal predicament has not helped.

Apart from her role in this offense, Ms. Kaur has led a law-abiding and productive life. She is the mother and primary care taker of two young children, and has raised a third. She has steadily continued to advance her education, managing to get her Masters in Science during the pendency of this case. She has worked as a registered nurse at a number of local hospitals while fulfilling her duties as a mother and student. She also managed to take care of paperwork and administrative tasks for the Lovely Market, which was at all times owned by her then husband. It seems obvious that Ms. Kaur would never have had even this limited involvement but for the fact that her then husband, Harmanpreet Singh owned a store, and had a cousin who wanted to fact that her then husband, Harmanpreet Singh owned a store, and had a cousin who wanted to come to the U.S.





### 3. Need to Avoid Unwarranted Disparity in Sentences

Section §3553(a)(6) requires a sentencing court to avoid unwarranted sentencing disparities among similarly situated defendants.

Ms. Kaur and Harmanpreet Singh are scheduled to be sentenced on May 8, 2024.

Ms. Kaur should receive a more lenient sentence than her co-defendant for the many reasons discussed in this position and at trial. Ms. Kaur is here because her husband at the time owned a store and had a cousin in India who wanted to come to the United States. Although the jury found Ms. Kaur of conspiring to and committing forced labor, she did not own the store. She

did not take anyone to work at the store. She did not assault anyone, to the contrary she stopped any assaults when they occurred in her presence. Ms. Kaur's role in the offense was tangential to that of her then husband, Harmanpreet Singh, and she would have had no role but for this relationship.

4. **Need for Just Punishment in Light of the Seriousness of the Offense**

Section §3553(a)(2)(A) requires a sentencing court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

Forcing someone to work without adequate pay is a serious offense. The history of this nation is stained with the terrible institution of slavery that existed until the Union defeated the Confederacy in the American Civil War.

While the conditions that Bhupinder Singh lived in for three years were terrible, they evidently were not bad enough to cause him to do anything to end it. He never made any effort to notify his family even while both defendants were stranded in India – for six months. He never researched whether any of the threats about his immigration status were legitimate. He had access to the internet and a cellular phone. Ms. Kaur had none of these avenues of escape when she was held prisoner by her first husband, while being beaten and raped on a regular basis.

Ms. Kaur is missing and will continue to miss her eight year old daughter, seven year old son and her 20 year old daughter every day and night while she is incarcerated. She is a devoted mother. Each day of being apart from her children is a painful, lonely and miserable experience. A sentence proportionate to the complainant's period of peonage will not be easy, but will provide for just punishment in light of the offense.

A felony conviction, a sentence of 36 months and a period of supervised release is a sentence that reflects all the factors in 3553 (a), and one that is sufficient but not greater than necessary.

### 5. Need for Adequate Deterrence

Section §3553(a)(2)(B) requires a sentencing court to impose a sentence that affords adequate deterrence to criminal conduct.

As for the specific deterrence of Ms. Kaur, there is no need for the Court to be concerned that Ms. Kaur will ever have any involvement in an offense like this, or any other. Ms. Kaur has worked very hard to become a registered nurse. As a convicted felon she has lost her professional career. She has no remaining assets. Her young children are in the care of her eldest daughter who had to drop out of college. She is facing a civil lawsuit that may take away the only possession remaining- the home at 8731Proctors Run, where her children reside.  Ms. Kaur has lived a law- abiding life. Ms. Kaur has followed the conditions of his release. ¶10. Ms. Kaur self- surrendered back to custody as instructed by this Court. Given his lack of prior record and his strict adherence to the rules set by this Court, there is good reason to conclude that Ms. Kaur will never again be involved in this type of offense- or any other. There is no need for additional deterrence, and to incarcerate Ms. Kaur longer than a period of 36 months is a sentence that is longer than necessary to achieve deterrence, or any of the other factors in 3553(a).

As far as the general deterrence of the public, given the facts of this case, and Ms. Kaur's role in the offense, a sentence of 36 months will provide adequate deterrence.

### 6. Need to Protect Society

Section §3553(a)(2)(C) requires a sentencing court to impose a sentence that protects the public from other crimes of the defendant. Given her lack of any criminal record other than a petit larceny conviction, coupled with the total compliance with the terms of her release, this Court has strong assurances that Ms. Kaur will never be a threat to the public.

There is no need to protect society.

### 7. The Guidelines

Section §3553(a)(4) requires the court to consider the kinds of sentences available and the sentencing range as set forth by the sentencing guidelines.

The advisory guidelines suggest a sentence of 135-168 months. Ms. Kaur is objecting to the calculation of these guidelines in a separate filing.

Even without the contested enhancement, the guidelines are unusually draconian. They are advisory and not binding on the Court, and the Court must balance all the 3553(a) factors.

A felony conviction and a variance sentence of 36 months combined with a period of probation to include some period of home confinement with work release is a sentence that will promote respect for the law, provide adequate deterrence and reflect the seriousness of the offense, but one that is not greater than necessary.

### 8. Restitution

The Government is requesting this Court to order both defendants to jointly and severally pay $240,210.76 in restitution and liquidated damages to Bhupinder Singh. Although Ms. Kaur has been found guilty of the offenses at hand, it is worth noting that the complainant worked at

Harmanpreet Singh's store, and that Ms. Kaur never had any ownership interest in the store. She remains divorced from Harmanpreet Singh, and although they did reside together during some of the pendency of the offense conduct, there is no evidence at all to indicate that she directly benefited from the forced labor. She has lost a career in nursing that she worked very hard to achieve. She is incarcerated and will likely be for some time. She has no means to pay the restitution. Harmanpreet Singh owned the store and profited from the labor. He took his cousin to work each day, told him what to do, and profited directly from the labor.

## Conclusion

WHEREAS, for all the foregoing reasons, Ms. Kaur requests that this Honorable Court sentence her to a period of confinement for 36 months, a period of probation to include a period of home confinement with work release, to be followed by a period of supervised release. Ms. Kaur also requests this Court to consider giving the two defendants, who are the parents of young children, a staggered sentence, whereby one parent serves their sentence before the other.

Respectfully Submitted,

Kulbir Kaur

_____/s/_____
By Counsel

Ali J. Amirshahi,
Attorney at Law, PLLC
Counsel for Kulbir Kaur
VSB 34137
101 Shockoe Slip, Suite O
Richmond, VA 23219
Phone: (804) 658-5384
ali.amirshahi@shockoelaw.com

        Gregory R. Sheldon, Esquire
        BainSheldon, PLC
        9030 Three Chopt Road
        Suite B
        Richmond, Virginia 23229
        T: (804) 282-8625
        F: (804) 282-8629
        VSB #: 44538
        gsheldon@bainsheldon.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2024, I filed this Position on Sentencing, via ECF with the Clerk of the Court, which will send a notification of such filing (NEF) to all parties.

        _____/s/_____
        By Counsel


        Ali J. Amirshahi,
        Attorney at Law, PLLC
        Virginia State Bar #34137
        Counsel for Kulbir Kaur
        101 Shockoe Slip, Suite O
        Richmond VA 23219
        (804) 658 5834