IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:23-cr-92 |
| | ) |
| KULBIR KAUR, | ) |
| also known as "LOVELY," | ) |
| | ) |
| *and* | ) |
| | ) |
| HARMANPREET SINGH | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, through undersigned counsel, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Specifically, the government is seeking the imposition of a monetary judgment against both defendants and the forfeiture of a number of assets used as facilitating property from both defendants, all described in greater detail below. A proposed Order of Forfeiture is submitted along with this motion. In support thereof, the United States sets forth the following:

**I.   Procedural History**

On July 19, 2023, a grand jury in the Eastern District of Virginia returned a seven-count Indictment charging the defendants with: (Count 1) Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. §§ 1594(b) and 1589; (Count 2) Forced Labor, in violation of 18 U.S.C. §§ 1589, 1594(a), and 2; (Count 3) Harboring an Alien for Financial Gain, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2; (Count 4) Document Servitude, in violation of 18 U.S.C. §§ 1592 and 2; (Count 5) Unlawful Conduct with Respect to Immigration Documents, in violation of 18 U.S.C. §§ 1597 and 2; (Count 6) Conspiracy to Commit Bankruptcy Fraud and Make Fraudulent Transfers in

Contemplation of Bankruptcy, in violation of 18 U.S.C. § 371; and (Count 7) Fraudulent Transfers in Contemplation of Bankruptcy, in violation of 18 U.S.C. §§ 152(7) and 2. *See* ECF No. 29. Both defendants were arraigned on the Indictment on August 14, 2023. *See* ECF No. 39. The Court severed Counts 6 and 7 on October 11, 2023, *see* ECF No. 88, and trial commenced on Counts 1 through 5 on January 5, 2024, *see* ECF No. 186.

On January 19, 2024, after a two-week trial, a jury sitting in the Eastern District of Virginia returned a guilty verdict as to both defendants on all counts (Counts 1 through 5). *See* ECF Nos. 199, 200. Following the verdict, the government moved to dismiss Counts 6 and 7, and the Court ordered those counts dismissed without prejudice. *See* ECF No. 203. The Court scheduled sentencing for May 30, 2024.

## II.  Forfeiture Sought

The government seeks a forfeiture monetary judgment in the amount of $120,105.38, which represents the proceeds the defendants obtained as a result of the forced labor scheme for which the defendants were found guilty following a jury trial.

The government also seeks the forfeiture of the following assets[1] as facilitating property:

Item (1): Apple iPhone 11 Pro Max, IMEI: 353890102742746 belonging to defendant Singh;

Item (2): Apple iPhone 11 Pro, IMEI: 353242106295513 belonging to defendant Kaur;

Item (3): Apple laptop, S/N: C02N36TRG086 belonging to defendant Kaur;

Item (4): Ruger SP101 .357 Magnum, S/N: 57822917 belonging to defendant Singh;

Item (5): Store records from the Lovely Market;

---

[1] Though it is unlikely that either defendant will be able to establish any potential ownership interest in certain items listed, the government has yet to receive a definitive answer from the defendants as to which assets, if any, they are contesting for purposes of forfeiture. Therefore, out of an abundance of caution, the government files the instant motion for the forfeiture of these assets. If the parties are able to come to any agreement as to the forfeiture obligations of the defendants, the parties will provide an updated proposed order prior to sentencing.

Item (6): Handwritten pay stubs purporting to show that B.S. was paid for his labor at the Lovely Market;

Item (7): Marriage certificate for B.S. and defendant Kaur;

Item (8): Forged B.S. apology letter;

Item (9): B.S.'s immigration documents; and

Item (10): Small brown notebook belonging to B.S.

### III.     Legal Standard for Forfeiture

18 U.S.C. § 1594(d) provides that "[t]he court, in imposing sentence on any person convicted of a violation of [a Chapter 77 offense], ***shall order*** . . . that such person ***shall*** forfeit to the United States . . . (1) such person's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; and (2) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property." 18 U.S.C. § 1594(d) (emphasis added). Here, the defendants were found guilty of a violation of Chapter 77—Counts 1, 2, 4, and 5 are all Chapter 77 offenses.

The defendants were also convicted of Harboring an Alien for Financial Gain, which carries forfeiture of the proceeds and facilitating property of the offense as a penalty. The statutory authority for criminal forfeiture is found in 18 U.S.C. § 982(a)(6) and 8 U.S.C. § 1324(b)(1) as incorporated by 28 U.S.C. § 2461.[2]

---

[2] Section 2461(c) is an incorporation statute enacted as part of the reforms of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). It allows the government to seek forfeiture in a criminal prosecution based on statutes which provide for civil forfeiture. *See United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("Section 2461 thus acts as a bridge or gap-filler between civil and criminal forfeiture, authorizing criminal forfeiture when no criminal forfeiture provision applies to the crime charged against a particular defendant but civil forfeiture for that charged crime is nonetheless authorized.") (internal quotation marks and citing references omitted).

3

Forfeiture is a mandatory aspect of the sentence to be imposed in this case. *United States v. Blackman,* 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion. . . . The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing."). Courts may not deny forfeiture based on equitable considerations. *Id.* ("Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error.").

Judicial criminal forfeitures are a multi-step process, with the steps being found in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853.[3] The first step is the entry of a preliminary order of forfeiture or consent order of forfeiture at or prior to the sentencing, pursuant to Fed. R. Crim. P. 32.2(b). Fed. R. Crim. P. 32.2(b)(4)(A) provides that, in general, at the time of sentencing, the preliminary order of forfeiture becomes final as to the defendant, but not as to third parties. Where specific assets are forfeited, third party interests are dealt with in the ancillary proceeding, a quiet title-type process covered under Fed. R. Crim. P. 32.2(c). Indeed, Rule 32.2(b)(2)(A) provides that "[t]he court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)." *Accord United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 requires the issuance of a preliminary order of forfeiture when the proper nexus is shown, whether or not a third party claims an interest in the property."). Once the government obtains a preliminary order of forfeiture with respect to specific property, Rule 32.2(b)(6) and (c) require that interested third parties be given notice of the forfeiture and that an ancillary proceeding be conducted.

---

[3] Although 21 U.S.C. § 853 is a drug forfeiture statute, its procedures apply even in this forfeiture because of the provisions of 28 U.S.C. § 2461(c). 21 U.S.C. § 853(p) is also applicable in this case by operation of 18 U.S.C. § 982(b)(1).

The United States must prove the nexus between the property to be forfeited and the offenses of conviction by a preponderance of the evidence. *See Libretti v. United States*, 516 U.S. 29, 116 S. Ct. 356 (1995) (criminal forfeiture is part of sentence and not a substantive element of offense, so "preponderance of the evidence" standard applies); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); *United States v. Herder*, 594 F.3d 352 (4th Cir. 2010) ("The burden is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture"). As for the entry of the preliminary order, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t]he Court's determination may be based on evidence already in the record . . . or information presented by the parties . . . after the verdict or finding of guilty." *See, e.g., United States v. Farkas*, 474 Fed. Appx. 349, 360 (4th Cir. 2012) (under Rule 32.2(b)(1)(B), the Court may base its forfeiture determination on evidence already in the record and on any additional evidence or information submitted); *United States v. Sabhnani*, 599 F.3d 215, 262-63 (2d Cir. 2010) (forfeiture may be based on testimony in the record from the guilt phase of the trial); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the Court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the government to reintroduce that evidence in the forfeiture hearing). Reliable hearsay is admissible to establish forfeitability. *Capoccia*, 503 F.3d at 109 (because forfeiture is part of the sentencing, hearsay is admissible to establish forfeitability); *United States v. Brown*, No. 11-cr-0050, 2013 WL 2473034, at *2 (D. Md. June 10, 2013) (reliable hearsay may be used to determine the amount of a monetary judgment); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005) (because the forfeiture hearing is part of the sentencing, reliable hearsay is admissible at the forfeiture hearing). Furthermore, mathematical exactitude is not required in calculating the amount of a forfeiture monetary judgment. *United States v. Prather*, 456 Fed.Appx.

5

622, 626 (8th Cir. 2012) (law does not require mathematical exactitude in calculating the money judgment, rather the Court may make reasonable extrapolations from the facts); *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (since forfeiture is punitive and not restitutive, the calculation of the money judgment need not be exact).

**IV.    Argument**

As for property "involved in, used, or intended to be used to commit or to facilitate" the crime, there is a nexus if there is a substantial connection between the property to be forfeited and the crime. *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010). "Substantial connection may be established by showing that use of the property made 'the prohibited conduct less difficult or more or less free from obstruction or hinderance.'" *Id.* (quoting *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990)). The following property, each directly introduced into evidence at trial, was "involved in, used, or intended to be used to commit or to facilitate" the forced labor offenses as described below:

**Item (1)**: The government seeks forfeiture of defendant Singh's Apple cellphone. Defendant Singh stored surveillance images of victim B.S. from the Lovely Market on this device. Such surveillance was integral to coercing B.S.'s labor. *See, e.g.*, Trial Tr. 360-61, 367-68, 391. At trial, the government also introduced images from this phone, evidencing that at all relevant points (before, during, and after the defendants compelled B.S. to marry defendant Kaur) defendant Singh was still in an intimate relationship with defendant Kaur. *See* Government Trial Exhibits 32, 32A, 28, 20, 20A, 20B, 20C, and 20D. The government also introduced photographic evidence that defendant Singh possessed the revolver used to threaten B.S. and that was contained in the defendant's cellphone. *See* Government Trial Exhibits 34, 34A.

**Item (2):** The government seeks forfeiture of defendant Kaur's Apple cellphone. Defendant Kaur stored thousands of surveillance images of B.S. on her cell phone. The government introduced

these images, showing B.S. working at the Lovely Market nearly every day, for months at a time (including late at night). *See* Government Trial Exhibits 27, 31. Defendant Kaur further stored on her phone a video showing defendant Singh threatening B.S. with a firearm at the Lovely Market. *See* Government Trial Exhibits 29, 30, 30A. Defendant Kaur's surveillance of B.S. was integral to compelling B.S.'s work.

**Item (3):** The government seeks forfeiture of defendant Kaur's Apple laptop computer. Defendant Kaur's laptop contained: (1) electronic evidence showing that after B.S. escaped, defendant Kaur generated and printed falsified paystubs purporting to show that B.S. was paid; and (2) electronic evidence showing defendant Kaur's attempts to find the location of B.S. Government Trial Exhibits 56, 56A, 56B, 56C, 56D, and 56F. Defendant Kaur generated these items, using the laptop, in an attempt to conceal the forced labor scheme. The government introduced all of this evidence at trial.

**Item (4):** The government seeks forfeiture of the firearm used to coerce B.S. The government introduced evidence at trial that defendant Singh, with the full knowledge and acquiescence of defendant Kaur, used his firearm, later identified as a Ruger SP101 .357 Magnum, bearing S/N: 57822917, to coerce B.S.'s labor on at least three occasions. *See, e.g.*, Trial Tr. 548, 581; Government Trial Exhibit 22 (firearm).

**Item (5):** The government seeks forfeiture of Lovely Market records that the defendants forced B.S. to prepare as part of the forced labor scheme. As law enforcement witnesses testified, these records were recovered from the Lovely Market pursuant to a search warrant, *see* Government Trial Exhibit 18-39 (photograph from search warrant), and the government introduced portions of these items into evidence at trial (Government Trial Exhibits 19, 33), and such records were part of the scheme to coerce B.S.'s labor.

**Item (6):** The government seeks forfeiture of falsified hard copy pay stubs that the defendants maintained at their home, purporting to show that B.S. was being paid for his labor. The government introduced this evidence into the trial record (Government Trial Exhibit 21B). As the evidence at trial established, these falsified pay stubs were designed to conceal the illicit nature of the defendants' joint scheme to coerce B.S.'s labor, and defendant Kaur printed the blank template of these pay stubs from her computer (**Item (3)**) after B.S. escaped.

**Item (7):** The government seeks forfeiture of the certificate of the marriage of defendant Kaur and B.S., found in the defendants' home. The evidence at trial showed that the defendants compelled B.S. to marry defendant Kaur in a particularly coercive facet of the forced labor scheme, and the wedding officiant testified to generating this marriage certificate. The government introduced this marriage certificate at trial as Government Trial Exhibit 21D.

**Item (8):** The government seeks the forfeiture of a forged letter, purporting to be written by B.S. and recovered at the defendants' home. In this letter, B.S. claims to have been paid throughout his time working at the Lovely Market (Government Exhibit 21C). By generating self-serving documents that could be used in a subsequent adverse proceeding, the defendants used this fabricated letter as yet another tool to cover up their forced labor scheme. The government found a draft version of this letter on defendant Kaur's computer (**Item (3)**).

**Item (9)**: The government seeks the forfeiture of immigration-related documents of B.S., recovered at the defendants' home. The evidence at trial reflected that defendant Kaur filed various immigration applications in B.S.'s name against B.S.'s will—all to procure B.S.'s continued availability to work at the Lovely Market. The government introduced such immigration documents at trial as Government Trial Exhibit 21F.

**Item (10)**: The government seeks the forfeiture of a small notebook belonging to B.S., recovered at the defendants' home. Government Trial Exhibit 21E. Evidence at trial showed that this

8

notebook contained all of B.S.'s online account passwords, and the defendants used such information to access B.S.'s online accounts and intimidate B.S.

In the case of proceeds, there is a nexus if the defendants would not have received the proceeds "but for" the involvement in the crime. *See United States v. Farkas*, 474 F. App'x 349, 359-60 (4th Cir. 2012); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 712 (E.D. Va. 2005) (applying a "but for" test to assess the nexus between illegal conduct and property sought in criminal forfeiture proceedings). As explained above, the Court may make reasonable extrapolations to determine the proceeds of a defendant's illicit activities. In this case, the government is seeking a forfeiture monetary judgment in the amount of $120,105.38, which represents the proceeds the defendants obtained as a result of the forced labor scheme for which the defendants were convicted.

At trial, B.S. testified that the defendants compelled him to work at the Lovely Market every day, besides two days, between March 2018 and May 2021. Tr. 576-80. For the first two months, B.S. worked fifteen hours each day from about 7:00 a.m. until 10:00 p.m., and, after April 2018, B.S. testified that he mostly worked twelve to thirteen hours each day from about 10:00 a.m. until 11:00 p.m. Tr. 283. In January 2021, B.S. described working sixteen hour shifts each day while defendant Singh was in India. Tr. 581. After B.S. escaped from the defendants, B.S. also prepared a log of the approximate number of hours that he worked each day during the months between March 2018 and May 2021. See Gov. Trial Ex. 21A. B.S. testified that the log he created approximated the hours that he worked each day but was, overall, an underestimate of the total hours that he worked—the log did not account for those days that B.S. was forced to work at the store beyond the normal closing time. Tr. 724-25. As explained in greater detail in the Government's Sentencing Memorandum, Labor Exploitation Coordinator Rachel Christiansen of the U.S. Department of Labor, Wage and Hour Division, calculated the net back pay owed to B.S. to be $120,105.38. *See* ECF Nos. 231 and 232. It is on this basis that the government seeks a monetary judgment in the amount of $120,105.38.

The government is taking a conservative approach by only requesting a monetary judgment in the amount of the net back pay owed to B.S. This figure, based on the log created by B.S., does not account for the hours that B.S. worked beyond the normal closing time, does not include the tips B.S. received from customers that he was forced to turn over to the defendants, and it cannot fully account for the significant revenue the defendants received from the forced labor of B.S. for over three years by requiring him to work long hours at the Lovely Market. Given that the defendants were co-owners of the Lovely Market the defendants ultimately obtained those proceeds – whether directly or indirectly – and are required to forfeit all such proceeds.[4]

## V. Procedure with Respect to the Motion

Fed. R. Crim. P. 32.2(b)(4)(A) provides that, at sentencing, a preliminary order of forfeiture becomes final as to the defendants. Therefore, as a general rule, a preliminary order of forfeiture must be entered as to the defendants by the time of sentencing. *See, e.g.*, *United States v. Petrie*, 302 F.3d 1280, 1284-85 (11th Cir. 2002) (preliminary order of forfeiture entered approximately six months after the defendant's sentencing vacated because the District Court no longer had jurisdiction to enter the order). *But see United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) (missing the sentencing deadline to enter a forfeiture order does not deprive the District Court of jurisdiction to do so, provided the Court makes clear prior to sentencing that it plans to order forfeiture); *United States v. Mearing*, Case No. 18-4026, at p. 4-5 (4th Cir. May 29, 2018) (citing *Martin*). The government is not requesting a hearing and, for its part, is asking the Court to determine this matter on the pleadings.

---

[4] The PSRs identify other assets reported by the defendants, including cars and residences, that appear to be below the net equity threshold for the United States Marshals Service to seize and successfully forfeit the assets. *See* PSR for Singh, ECF No. 220 ¶ 111 and PSR for Kaur, ECF No. 227 ¶ 110. To collect on its monetary judgment through the forfeiture of specific assets, the government will file a second motion and, if that motion is granted, interested third parties will be given notice of the forfeiture and an ancillary proceeding must ensue. See Fed. R. Crim. P. 32.2(e).

However, the government understands that the timing of this motion may leave the defense with insufficient time to brief the issue prior to sentencing. Therefore, if the defendants request a hearing on forfeiture and contest the forfeiture action, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "the court must conduct a hearing . . . ." Therefore, should either defendant request a hearing, the government respectfully requests that the Court take up this motion prior to the imposition of sentence.

Fed. R. Crim. P. 32.2(b)(4)(B) provides that the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." That same rule also provides that the Court "must . . . include the forfeiture order, directly or by reference, in the judgment."

## VI. Conclusion

The government respectfully requests that the Court enter a preliminary order of forfeiture for the assets described in the instant motion. A proposed order is attached for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| JESSICA D. ABER<br>UNITED STATES ATTORNEY | KRISTEN M. CLARKE<br>ASSISTANT ATTORNEY GENERAL |
| By:      /s/     <br>    Avi Panth<br>    Virginia Bar No. 92450<br>    Peter S. Duffey<br>    Virginia Bar No. 39477<br>    Assistant United States Attorneys<br>    United States Attorney's Office<br>    919 E. Main Street, Suite 1900<br>    Richmond, Virginia 23219<br>    Office Number: (804) 819-5400<br>    Fax Number: (804) 771-2316<br>    Email: Avishek.Panth@usdoj.gov<br>    Email: Peter.S.Duffey@usdoj.gov | By:      /s/     <br>    Matthew Thiman<br>    New York Bar No. 5494554<br>    Trial Attorney<br>    Criminal Section,<br>    Civil Rights Division<br>    United States Department of Justice<br>    950 Pennsylvania Ave., N.W.<br>    Washington, D.C. 20530<br>    Office Number: (202) 514-3204<br>    Fax Number: (202) 353-8154<br>    E-Mail: Matthew.Thiman@usdoj.gov |